# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1601V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| CRISTIAN GARCIA, | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed:  February 2, 2026 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Felicia Langel*, U.S. Dep't of Justice, Washington, DC, for Petitioner.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 22, 2021, Cristian Garcia filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he experienced anti-N-methyl-D-aspartate receptor encephalitis ("anti-NMDAR encephalitis") as a result of a tetanus-diphtheria-acellular pertussis vaccine administered to him on October 2, 2020. *See generally* Petition (ECF No. 1). After trial, a decision denying entitlement was entered on January 3, 2025. Decision, dated Jan. 3, 2025 (ECF No. 64). Petitioner moved for review of my decision (ECF No. 65), but the motion was denied. Judge Vaccine Order/Opinion, dated June 12, 2025 (ECF No. 70).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Nov. 19, 2025 (ECF No. 74) ("Mot."). This is Petitioner's sole fees and costs request.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner requests a total of $183,250.41 in attorney's fees and costs ($129,000.55 in fees, plus $54,249.86 in costs) for the work performed by the attorneys and paralegals at Conway, Homer, P.C. Mot. at 2. The requested costs include Petitioner's unreimbursed litigation costs, which are discussed in greater detail below. Respondent reacted to the fees request on November 21, 2025. *See* Response, dated Nov. 21, 2025 (ECF No. 76) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$183,250.41**.

## ANALYSIS

### I.    Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find it possessed more than sufficient objective basis to entitle him to a fees and costs award. The medical records, at a minimum, established that Petitioner received the vaccine at issue, and that he experienced a variety of symptoms that could arguably have been vaccine-related. And although claims involving anti-NMDAR encephalitis have more often than not been dismissed, Petitioner supported his causation theory with a well-qualified expert, and the parties reasonably disputed a number of aspects of the claim. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

| | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| **Meredith Daniels (Attorney)** | $242.00 | $350.00 | $410.00 | $455.00 | $485.00 | $516.00 |
| **Ronald Homer (Attorney)** | -- | $447.00 | $475.00 | $500.00 | $525.00 | $567.00 |
| **Joseph Pepper (Attorney)** | -- | $355.00 | -- | $455.00 | $485.00 | -- |
| **Christina Ciampolilo (Attorney)** | -- | -- | $425.00 | $470.00 | $500.00 | $537.00 |
| **Nathanial Enos (Attorney)** | -- | $230.00 | -- | -- | $360.00 | $390.00 |
| **Patrick Kelly (Attorney)** | -- | -- | -- | -- | $345.00 | -- |
| **Paralegals** | $155.00 | $155.00 | $170.00 | $185.00 | $195.00 | $207.00 |

Mot. at 4–35.

The attorneys at Conway, Homer, P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid at forum rates, as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-396V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested are also consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special Masters' fee schedule. [5] *See Guzman v. Sec'y of Health & Hum. Servs.*, No. 22-957V, 2025 WL 1891419, at *3 (Fed. Cl. Spec. Mstr. June 9, 2025); *Jackman v. Sec'y of Health & Hum. Servs.*, No. 21-685V, 2025 WL 2659100 (Fed. Cl. Spec. Mstr. Aug. 13, 2025). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Feb. 2, 2026).

working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $53,834.50 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, travel costs, and costs associated with the work of a single expert— Kristen Babinski, M.D. Mot. at 35–37. Dr. Babinski prepared two written reports and testified on behalf of Petitioner. Dr. Babinski submitted invoices reflecting a total amount of $47,375.00 (87.25 hours of work billed at $500.00 per hour, minus a $2,000.00 retainer; plus 15 hours of travel billed at $250.00 per hour). *Id.* at 54, 55, 64. The total amount charged was largely reasonable for the work performed, and I do not find any reason to make reductions.

The same is true for the other litigation-related costs. Petitioner seeks $415.36 for postage costs and costs associated with travel and hearing. Such costs are typical in Program cases, were reasonably incurred in this matter, and are not duplicative sums billed by Petitioner's counsel. These costs are thus appropriately included in this award.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$183,250.41**, reflecting (a) $182,835.05 in attorney's fees and costs; and (b) $415.36 in Petitioner's unreimbursed litigation costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.